Mr. Robert W. Hughes Superintendent of Schools School Board of Seminole County 1211 Mellonville Avenue Sanford, Florida 32771
Dear Mr. Hughes:
You have asked for my opinion on substantially the following question:
 Is the School Board of Seminole County authorized to extend its "cafeteria plan" of employee benefits, provided pursuant to Title 26 U.S.C. § 125 of the Internal Revenue Code, to include dependent care?[1]
In sum:
 Pursuant to s. 230.03(2), F.S., the School Board of Seminole County is authorized to include dependent care as an element of its cafeteria plan of employee benefits.
Your letter states that during recent contract negotiations with your employee organizations, a proposal was advanced to extend your employee benefits program to include dependent care. This benefit, if approved, would be offered as part of your cafeteria plan of benefits, pursuant to the Internal Revenue Code. Essentially, the plan would permit an employee to enter into an agreement with the School Board to reduce his or her contract salary by an amount up to the amount of the reduction for expenses incurred in connection with eligible child or elderly dependent care. The net effect of this program would be to exclude such reduction from the taxable income of the individual.
Title 26 U.S.C. § 125 of the Internal Revenue Code authorizes the establishment of "cafeteria plans" by employers.[2] Such plans offer participants a choice among two or more benefits, consisting of cash and other permissible benefits. Generally, benefits that are excludable from the gross income of an employee under a specific provision of the Internal Revenue Code may be offered under a cafeteria plan.[3] For example, nontaxable benefits that may be offered through a cafeteria plan include accident and health benefits,[4] group-term life insurance,[5] group legal services,[6] and dependent care assistance.[7]
Thus, if the plan satisfies the requirements specified in26 U.S.C. § 125, a participating employee would not include in his gross income those qualified nontaxable benefits chosen even though the employee could have elected to receive cash.[8]
This office has previously stated that with the amendment of s. 230.03(2), F.S., in 1983 by s. 7, Ch. 83-324, Laws of Florida, district school boards have been granted home rule powers and thus may exercise any power for school purposes in the operation, control and supervision of the free public schools in their districts unless expressly prohibited by the State Constitution or general law.[9]
Determining the content of salary and benefits packages for school district employees would appear to be an exercise of power for school purposes within the scope of s. 230.03(2), F.S., supra. Thus, in the absence of an express constitutional or statutory prohibition this would appear to be a matter which the district school board may resolve under its home rule power.
I am not aware of, nor have you directed my attention to, any provision in the State Constitution or in general law which expressly prohibits a district school board from extending the content of its employee pay and benefits plan to include dependent care.[10]
Therefore, it is my opinion that the School Board of Seminole County is authorized pursuant to s. 230.03(2), F.S., as amended, to add dependent care to its cafeteria plan of employee benefits.
Sincerely,
Robert A. Butterworth Attorney General
(gh)
[1] While your question, as originally stated, relates to the authority of the school board to offer a cafeteria plan of employee benefits, I note that your letter states that you are currently providing such benefits and your actual concern seems to be whether such a plan may be extended to include dependent care.
[2] 26 U.S.C. § 125(c)(1) defines "cafeteria plan" to mean a plan which meets the requirements of s. 89(k) and under which all participants are employees and the participants may choose among two or more benefits consisting of cash and qualified benefits. See, 26 U.S.C. § 125(c)(2) which generally excludes deferred compensation plans from the definition of "cafeteria plan."
[3] "Qualified benefit" is defined in 26 U.S.C. § 125(e) as:
 [A]ny benefit which, with the application of subsection (a) . . . is not includible in the gross income of the employee by reason of an express provision of this chapter (other than section 117, 124, 127, or 132).
[4] 26 U.S.C. ss. 105, 106.
[5] 26 U.S.C. § 79.
[6] 26 U.S.C. § 120.
[7] 26 U.S.C. § 129.
[8] See, Yates, Social Security Tax Treatment of Cafeteria Plans, XXXVII U.Fla.L.Rev. 615, 619 n. 30 (1985).
[9] See, AGO's 83-72, 84-58, 84-95, and 86-45. And see, s. 230.03(2), F.S., which provides that:
 In accordance with the provisions of s. 4(b) of Art. IX of the State Constitution, district school boards shall operate, control, and supervise all free public schools in their respective districts and may exercise any power except as expressly prohibited by the State Constitution or general law.
[10] Cf., s. 110.161, F.S. (1988 Supp.), as amended by s. 2, Ch. 89-277, Laws of Florida, creating the "State Employees Pretax Benefits Program Act" which authorizes the Department of Administration to establish a pretax benefits program for all employees whereby employees would receive benefits which are not includible in gross income under the Internal Revenue Code of 1986. The program is to be implemented in phases and phase two will allow employees to voluntarily establish expense reimbursement plans from their salaries on a pretax basis to pay for qualified medical and dependent care expenses. However, the act only applies to "any individual filling an authorized and established position in the executive, legislative, or judicial branch of the state, including the employees of the State Board of Administration."